Argued March 1, affirmed April 3, reconsideration denied May 10,
petition for review denied July 6, 1978, 283 Or 1

In the Matter of the Estate of
Mario Aldo Bisio, Deceased,
BISIO, *Appellant,*

*v.*

MADENWALD, *Respondent.*

(No. 123 730, CA 8922)

576 P2d 801

Donald C. Walker, Portland, argued the cause and filed the brief for appellant.

Robert H. McSweeny, Beaverton, argued the cause for respondent. With him on the brief were Donald R. Jacobs and Paul M. Ferder, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal from a decree of the circuit court ordering specific performance of a partnership agreement. We affirm.

In 1958, the decedent and the defendant entered into a partnership agreement for the operation of a clothing store. The terms of the agreement relevant to this dispute read as follows:

"14. In the event of the death of either of the parties hereto, the surviving partner shall have the first right and option of purchasing the interest of the deceased partner in the assets of this partnership resulting from the dissolution thereof effected by said death, upon the terms hereinbelow set forth:

"A. The surviving partner shall, within ten (10) days following the date of death of said deceased partner, cause a complete inventory of all the assets of the business on the basis of cost or cost less depreciation thereof as reflected by the partnership books as of the date of death, and a statement of the assets and liabilities and net profits accrued since the end of the preceding calendar year shall be prepared by a *public accountant* and the book value of the net worth of each of the parties based thereon shall be determined as of date of death of the deceased partner.

"B. The surviving partner shall have an option to purchase the deceased partner's interest at the book value thereof as determined pursuant to sub-paragraph 'A' above for sixty (60) days following the date of death of the deceased partner, and in the event the surviving partner desires to exercise said option, written notice of such intention must be given within sixty (60) day period to the personal representative of the deceased partner, if there be one appointed, or to the widow or heirs of said deceased partner. Payment of the purchase price shall be made in cash within ninety (90) days following the date of death of the deceased partner or on an installment basis with current interest rates, over a period not in excess of twelve (12) months from date of death of the deceased partner, provided, however, that any credit

arrangement shall be subject to the approval of the probate court in which the deceased partner's estate is being probated.

"C. In the event that the surviving partner does not give written notice of his intention to exercise the option within sixty (60) days following the date of death of the deceased partner as provided for in subparagraph 'B' above, then in such event, the surviving partner shall be under duty to have an independent appraisal made of the value of assets and liabilities of the partnership and promptly wind up the affairs of the partnership, as by law provided, and account to and pay over to the estate of the deceased party the value of the interest of said deceased party in said partnership business plus one-half of the net profits during the period of liquidation of the deceased partner's interest, provided, however, that if there be a net operating loss incurred during said time, no part of said loss shall be deducted from the value of the deceased partner's interest theretofor determined as of the date of death." (Emphasis supplied.)

The wife of the defendant served as the bookkeeper and accountant for the partnership from its inception in 1958. In July 1975, when the decedent was very ill, the defendant's wife and the decedent's licensed certified public accountant (CPA) met in order to discuss the requirements of paragraph 14.A of the partnership agreement. During the course of this discussion, the decedent's CPA indicated to the defendant's wife that a financial statement prepared by her would satisfy the provisions of paragraph 14.A of the partnership agreement, in spite of the fact that she was not a licensed public accountant.

The decedent died on October 1, 1975. Several days thereafter, the decedent's CPA and the defendant's wife had a further conversation regarding the terms of paragraph 14.A. The decedent's CPA indicated to the defendant's wife that he was not going to prepare the financial statement required by paragraph 14.A and that she should go ahead and prepare the statement.

Subsequently the defendant's wife prepared an inventory of the assets of the partnership and a financial statement of the assets, liabilities and net profits of the partnership. On or about October 10, 1975, these items were delivered to the personal representative of the decedent's estate. Shortly thereafter, the personal representative appeared at the business address of the partnership and personally checked the inventory statement prepared by the defendant's wife.

Subsequently, the defendant gave timely notice to the personal representative that he intended to exercise his option to purchase the decedent's share of the partnership as provided for by paragraph 14.B of the partnership agreement. On December 24, 1975, the defendant delivered to the personal representative a check representing the decedent's share of the partnership. In February 1976, the personal representative's attorney notified the defendant that he believed the amount tendered was insufficient in that it failed to take into account an allowance for good will and the continued use of the partnership name. The personal representative cashed the tendered check in May 1976, but notified the defendant that he did so with the understanding that the final amount of the decedent's interest in the partnership was still to be negotiated.

The parties were apparently unable to agree on a final figure representing the decedent's interest in the partnership and, in October 1976, the personal representative filed a petition with the probate court for determination of the decedent's partnership interest. The petition contended that because the defendant failed to have the financial statement required by paragraph 14.A of the partnership agreement prepared by a public accountant, the defendant was required to exercise paragraph 14.C of the partnership agreement, providing for a liquidation of the partnership. The probate court, sitting in equity by stipulation of the parties,[1] made the following decree:

---

[1] We express no opinion here as to the propriety of this procedure.

"NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED:

"(1) A statement of the assets and liabilities and net profits accruing since the end of the calendar year 1974 shall be prepared by a public accountant licensed to do business in the State of Oregon and he shall determine the book value of the net worth [of] each of the parties at the date of death of the deceased partner. The plaintiff and defendant shall agree upon the public accountant employed for these purposes and in the event that they should fail to agree, upon application of either of the parties, the court will select the accountant.

"(2) Each of the parties shall pay to the accountant one half of the reasonable value of his services in preparing the statement.

"(3) After completion of the statement, upon the application of either of the parties, a judgment will be entered against the defendant for the dollar amount that the deceased partner's net worth exceed the sum of $35,305.46, plus the plaintiff's actual costs and disbursements incurred herein; or, judgment will be entered against the plaintiff for the dollar amount of the difference by which $35,305.46 exceeds the amount of the deceased partner's net worth, together with the defendant's costs and disbursements incurred herein."

The personal representative appeals, alleging that the court erred in allowing the defendant to purchase the decedent's share of the partnership when the defendant failed to conform to the requirement of paragraph 14.A of the partnership agreement regarding the preparation of a financial statement by a public accountant. The personal representative contends that to permit the defendant to now have a public accountant prepare a financial statement works a substantial change in the partnership agreement, because paragraph 14.B of the agreement provides for payment of the purchase price within 90 days. Consequently, the personal representative argues, the partnership must be liquidated as provided for by paragraph 14.C.

[ 330 ]

■ Plaintiff is not entitled to any rights under paragraph 14.C absent a material breach of paragraph 14.A. *See Mohr v. Lear,* 239 Or 41, 48, 395 P2d 117 (1964); *Strauss v. Estates of Long Beach,* 187 App Div 876, 879, 176 NYS 447 (1919). A breach is material if it goes to the very substance of the contract and defeats the object of the parties in entering into the contract. *See Walton et ux v. Denhart et ux,* 226 Or 254, 262, 359 P2d 890 (1961); *Vaughan et ux v. Wilson et al,* 203 Or 243, 255, 273 P2d 991, 279 P2d 521 (1955); *Krebs Hop Co. v. Livesley,* 51 Or 527, 533, 92 P 1084 (1908). The materiality of a breach is a question of fact, *Wasserburger v. Amer. Sci. Chem.,* 267 Or 77, 82, 514 P2d 1097 (1973), involving the consideration of the following factors: (1) the extent to which the injured party will obtain the substantial benefit which he reasonably could have anticipated; (2) the extent to which the injured party may be adequately compensated in damages for lack of complete performance; and (3) the wilful, negligent or innocent behavior of the party failing to perform. *See* 1 Restatement, Contracts 402, § 275, cited with approval in *Wasserburger v. Amer. Sci. Chem., supra,* 267 Or at 82.

The defendant's failure to conform to the "public accountant" provision of paragraph 14.A cannot be characterized as a material breach of the partnership agreement. The defendant substantially performed all of his duties under paragraph 14.A of the partnership agreement. He forwarded an inventory of the assets of the partnership and a financial statement to the personal representative within the 10-day period set forth in paragraph 14.A. He then tendered a check for the purchase price of the decedent's share of the partnership within the 90-day period set forth in paragraph 14.B. Although the personal representative questioned the amount of this check because he believed it did not reflect the monetary value of good will and use of the partnership name, he never once disputed the right of the defendant to purchase the

decedent's partnership share. The purpose of paragraphs 14.A and 14.B of the agreement was to allow the defendant to purchase the decedent's share of the partnership — a purpose not frustrated by the defendant's behavior here. The defendant's actions here did not prevent the personal representative from obtaining substantial benefit from what he reasonably could have anticipated under paragraphs 14.A and 14.B of the agreement. The defendant's failure to utilize a public accountant was innocent behavior on his part, for he acted in good faith when he relied on the statements made by the decedent's CPA. Any monetary damage suffered by the personal representative will be remedied by the terms of the circuit court decree allowing for a valuation of the partnership by an independent public accountant.

Because the defendant did not commit a total material breach of paragraph 14.A of the partnership agreement, the personal representative is not entitled to specific performance of the alternative procedure provided for by paragraph 14.C.

Affirmed.