Argued and submitted February 5, Ivy's party status reinstated; reversed as to negligence claim and remanded; otherwise affirmed April 20, reconsideration denied June 10, petition for review denied July 12, 1988 (306 Or 195)

IVY et al,
*Appellants,*

*v.*

TRANSAMERICA TITLE INSURANCE COMPANY,
*Respondent.*

(8412-07134; CA A46135)

752 P2d 1269

Jacob Tanzer, Portland, argued the cause for appellants. With him on the briefs was Ball, Janik & Novack, Portland.

Dennis J. Heil, Portland, argued the cause for respondent. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiffs Industrial Park Company (IPCO) and Ivy[1] appeal from an ORCP 67B judgment that dismissed their negligence claim and gave defendant summary judgment on their breach of contract claim. We reinstate Ivy's party status, reverse on the negligence claim and affirm on the contract claim.

This case arises out of a real estate transaction in which two persons intended to transfer two parcels of property by deed to IPCO. IPCO was then to give a mortgage on the two parcels to Commerce to secure a loan. In connection with the transaction, defendant was to insure Commerce's interest in the subject property, and another title insurance company was to insure IPCO's interest. Defendant was retained to act as escrow agent. It also apparently prepared the legal descriptions used in the deed and mortgage. The transaction closed in June, 1981. IPCO later defaulted on the loan. Commerce initiated foreclosure proceedings, during which the parties discovered that the legal descriptions in the deed and mortgage erroneously included only a portion of the intended property. The deed and mortgage were judicially reformed, and the parties then stipulated to a judgment of foreclosure. Plaintiffs then brought this action, alleging alternatively that defendant breached its contract and was negligent in providing the erroneous legal description used in the deed and mortgage. We first address the negligence claim.

The trial court granted defendant's ORCP 21A(8) motion to dismiss the negligence claim for failure to state ultimate facts sufficient to constitute a claim.[2] We therefore

---

[1] The claims of Ivy, a joint venturer in IPCO, were dismissed by the trial court, because he did not allege any injury that was independent of the injuries alleged by IPCO. On appeal, Ivy seeks reinstatement of his claims. We agree with the trial court that he cannot assert a claim as an individual against defendant based solely on his status as a joint venturer in IPCO. *See Davis v. Tadevic,* 73 Or App 587, 591, 699 P2d 1140, *rev den* 299 Or 663 (1985). However, Ivy has alleged that Commerce Mortgage Company (Commerce) suffered certain damages independent of those suffered by IPCO as a result of defendant's conduct and that Commerce has assigned its interest in this case to him. He is entitled to pursue those claims, and the trial court erred in dismissing them. In this opinion, therefore, "plaintiffs" refers to both IPCO and Ivy, and our holdings on the negligence and contract claims apply equally to both.

[2] The trial court granted defendant's motion to dismiss the negligence claim from plaintiffs' second amended complaint. Plaintiffs repled the claim in their third amended complaint, and defendant again moved for dismissal. The trial court then granted the motion to dismiss the claim with prejudice.

assume the truth of plaintiffs' allegations on that claim and of any facts that might conceivably be adduced as proof of those allegations. *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979). The third amended complaint essentially alleges: Defendant undertook to perform services for the parties to the real estate transaction; defendant provided a legal description of the subject property with the knowledge and intention that the parties to the transaction would use the description; defendant negligently provided an erroneous legal description of the subject property that was inserted into the deed and mortgage; and, as a result of defendant's negligence, plaintiffs were damaged.

■ Plaintiffs contend that, under *McDonald v. Title Insurance Co. of Oregon,* 49 Or App 1055, 621 P2d 654 (1980), *rev den* 290 Or 727 (1981), they have stated a negligence claim. Defendant essentially raises a "no duty" defense, contending that plaintiffs have not alleged a negligence claim, because they failed to allege a duty of care other than one arising from contract. However, unless a plaintiff invokes a legal duty arising out of a special status or relationship or defined by a legal source outside the common law, "no duty" is merely a defensive argument requesting that the court limit the defendant's liability on the basis of the particular circumstances of each case. *See Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 10, 734 P2d 1326 (1987). We conclude that plaintiffs' third amended complaint can be construed to allege that defendant undertook, extracontractually, to provide the legal description to be used in the deed and mortgage. It follows that, given plaintiffs' allegation of negligence, the issue of defendant's liability depends on the foreseeability of the risk of harm to plaintiffs from defendant's conduct. *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 17. Because we cannot say, as a matter of law, that the risk was unforeseeable, it is an issue of fact, and the trial court erred in dismissing the negligence claim from the third amended complaint.[3]

■ The trial court granted defendant a summary judgment on plaintiffs' breach of contract claim in the fourth amended complaint. We must uphold the judgment "if the pleadings, depositions, and admissions on file, together with

---

[3] We need not decide whether plaintiffs' second amended complaint stated a negligence claim against defendant.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ORCP 47C. After reviewing the record, we agree with the trial court there is *no* evidence that defendant entered into an oral or written contract to prepare the deed and mortgage. There is thus no genuine issue of material fact concerning the contract claim, and we affirm the summary judgment for defendant on that claim.

Ivy's party status reinstated; reversed as to negligence claim and remanded; otherwise affirmed.