Argued and submitted December 19, 1989, affirmed on appeal; reversed and remanded on cross-appeal April 25, motion and petition for reconsideration allowed by opinion June 27, 1990

See 102 Or App 284 (1990)

In re Industrial Park Co.

## COMMERCE MORTGAGE CO.,
*Plaintiff,*

*v.*

## INDUSTRIAL PARK CO., a joint venture comprised of Miller and Nelson, dba Miller and Nelson Investment Co. and Ivy,
*Respondent - Cross-Appellant,*

*and*

## BROWN,
*Appellant - Cross-Respondent.*

(A8212-07708; CA A48207)

791 P2d 132

John M. Berman, Beaverton, argued the cause and filed the briefs for appellant - cross-respondent.

Jacob Tanzer, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Ball, Janik & Novack, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## BUTTLER, P. J.

Brown and Kittleson (defendants) formed a joint venture with Industrial Park Co. (IPCO) for the development of 15 acres in Wilsonville. Defendants had been purchasing the property under contract from Edwards Industries, Inc. They had previously obtained a release of two acres from Edwards and had conveyed them to Brady, who had provided the money for the release. Under the terms of the written joint venture agreement, defendants were to obtain title to the full 15 acres and convey them to IPCO so that IPCO could use the property as security for a loan from plaintiff Commerce Mortgage Co. (Commerce) sufficient to pay the remaining contract balance to Edwards, as its contribution to the joint venture, and to provide funds for the development of the property. Each partner would then have an undivided one-half interest in the property.

As a result of the title insurance company's error, the deed by which defendants conveyed the property to IPCO described only 13 of the 15 acres, and Commerce acquired a mortgage lien on only 13 acres. *See Ivy v. Transamerica Title Insurance Co.,* 90 Or App 511, 752 P2d 1269, *rev den* 306 Or 195 (1988).

IPCO defaulted on the mortgage, and Commerce initiated foreclosure proceedings, at which time it learned of the incorrect legal description. It then added a claim for reformation of the deed and the mortgage and sought foreclosure of the mortgage as reformed. After Commerce prevailed in the reformation, the parties stipulated to a judgment of foreclosure. In a separate appeal on the reformation, we affirmed the trial court without opinion. *Commerce Mortgage Company v. Miller et al,* 78 Or App 193, 714 P2d 1119, *rev den* 301 Or 240 (1986).

Defendants had filed cross-claims against IPCO for breach of the joint venture agreement, unjust enrichment and misrepresentation, and IPCO had filed cross-claims against defendants for breach of the joint venture agreement and breach of fiduciary duty. After our decision on appeal, the court proceeded to try the cross-claims. It then granted IPCO's motions for partial summary judgment on most of defendants' allegations of breach of the joint venture agreement and on their claim of unjust enrichment. Brown appeals,

assigning error to each of those rulings. He also assigns error to the court's instruction permitting the jury to consider, on the only remaining allegations of breach of contract, whether defendants' failure to deed two acres to IPCO was a material breach of the joint venture agreement, which would be a defense to the breach of contract claims. He further assigns error to the court's denial of defendants' motion to file a second amended and supplemental complaint asserting additional claims against IPCO.

The trial court dismissed IPCO's cross-claim against defendants for breach of fiduciary duty. On its cross-appeal against Brown only, IPCO assigns error to that ruling.[1] It also assigns error to the court's instructions permitting the jury to consider the question of materiality in its cross-claim for breach of contract.

The court submitted to the jury defendants' claims that IPCO had breached the joint venture agreement by failing to carry out its alleged promise to obtain Commerce's agreement that it would release the mortgage on payment of 75 percent of $2,300,000[2] and in refusing to pay defendants' attorney fees incurred in resisting the foreclosure proceeding. Defendants contend that the court erred in permitting the jury to consider whether they had materially breached the joint venture agreement by not deeding two of the 15 acres to IPCO, so as to excuse IPCO's performance.[3] They assert that

---

[1] Brown contends that, because IPCO has chosen not to name Kittleson as an adverse party on its cross-appeal, that aspect of the trial court's judgment determining that Kittleson is not liable to IPCO is conclusive as to Brown and that IPCO's cross-appeal should therefore be dismissed. The initial premise of the argument is wrong. Kittleson stipulated at trial to be bound by any judgment for or against Brown. If this appeal affects the judgment as to Brown, Kittleson's interest will also be affected. Furthermore, Brown brought this appeal individually and "as successor to the claim" of Kittleson. The cross-appeal was filed against him in both capacities and our decision is binding on him in both capacities.

[2] The addendum provides:

"[IPCO] represents and agrees that it has an agreement with Commerce Mortgage Company to release the aforesaid mortgage from said property described on Exhibit 'A' upon payment of 75 percent of $2,300,000.00 or a pro-rated amount for release of smaller portions."

[3] By special verdict, the jury answered "no" to the question whether defendants "materially breached the contract causing defendant, IPCO, damages." It is not possible to tell from the verdict, however, whether the jury's answer related to the "material breach" component, to the "damages" component or to both components of the question. The trial court instructed the jury that defendants' failure to convey the two acres to IPCO was a breach of contract as a matter of law. Defendants do not assign error to that ruling, so we do not address their contention that they did not breach the contract at all.

their failure to convey two of the acres to IPCO was not a material breach of the contract as a matter of law, because it did not prevent IPCO from carrying out the object of the contract to obtain financing for payment of the Edwards obligation. Conversely, in its first assignment of error on its cross-appeal, IPCO argues that, on its cross-claim for breach of contract, the court should have instructed the jury that defendants' failure to transfer the entire 15 acres was a material breach of the joint venture agreement.

A breach is material if it goes to the substance of the contract and defeats the object of the parties' entering into the contract. *Bisio v. Madenwald,* 33 Or App 325, 331, 576 P2d 801, *rev den* 283 Or 1 (1978). Whether a breach is material is ordinarily a question of fact for the jury. *Wasserburger v. Amer. Sci. Chem.,* 267 Or 77, 82, 514 P2d 1097 (1973). In deciding materiality, the questions to be considered include (1) the extent to which the injured party will obtain a substantial benefit which he reasonably could have anticipated; (2) the extent to which the injured party may be adequately compensated in damages for the lack of complete performance, and (3) the wilful, negligent or innocent behavior of the party failing to perform. *Wasserburger v. Amer. Sci. Chem, supra,* 267 Or at 82. It is possible for a breach to be material as a matter of law if the uncontested evidence is consistent only with the idea of a material breach. *See McDuffy, Edwards and Assoc. v. Peripheral Systems,* 93 Or App 226, 762 P2d 299 (1988).

We agree with the trial court that there were issues of fact that made the question of materiality one for the jury. For example, there is evidence that the joint venture agreement encompassed more than just securing financing and the mortgage of the property. It included the development of the property, its sale and the sharing of profits. We cannot say, as a matter of law, whether defendants' failure to convey two of the 15 acres did or did not defeat the object of the parties. The trial court did not err in submitting the question of materiality to the jury.

Defendants alleged that IPCO breached the joint venture agreement by failing to make its mortgage payments, thereby causing foreclosure of the property. They assign error

to the trial court's allowing IPCO's motion for summary judgment on that claim. The court held that the written contract was a complete integration of the parties' agreement. The original agreement provides, in part:

> "Upon payment to Edwards Industries, Inc., and Robert J. Brady, the property will be free from debt and [defendants] will subordinate their interest in and to said property to a first mortgage loan of [IPCO] large enough to pay off the Edwards obligation and to develop the property *provided [IPCO] holds [defendants] harmless from any and all claims arising from the sums advanced to pay Edwards Industries, Inc.,* * * *." (Emphasis supplied.)

The addendum to the agreement further provides:

> "*[IPCO] does hold [defendants] harmless and agrees to pay on behalf of [defendants] all costs and expenses of every kind concerning said mortgage* and indebtedness it represents including all court costs and attorney fees that [defendants] may incur as a result of said mortgage except such amounts as may be expenses owed by the joint venture." (Emphasis supplied.)

Defendants concede that they agreed in the provision first quoted that their interest in the property would be subordinated to Commerce's security interest and that, as a result, they risked losing the property. They contend, however, that the emphasized language requires that IPCO protect their *interest in the property* from the indebtedness by paying it and avoiding foreclosure. IPCO contends that the emphasized language in both provisions requires only that it protect defendants from *personal* liability, but not from the loss of the property.

■■ We conclude that the hold harmless provisions in the original agreement and the addendum, read together, can mean only that IPCO will hold defendants harmless from any claims against them personally. They do not require reimbursement for the loss of the property itself. Even if they did, however, defendants' contention is that IPCO breached the hold harmless provisions, not by failing to reimburse them, but by failing to pay the mortgage and thereby protect the property from foreclosure. Neither the initial agreement nor the addendum can reasonably be read to include those obligations. IPCO did not promise defendants that it would pay the indebtedness to Commerce. Because it did not breach its

agreement with defendants by defaulting on its obligation to Commerce, the trial court did not err in granting summary judgment to IPCO on that breach of contract claim.

■ Defendants contend that the trial court erred in ruling that the jury could not consider whether their costs in defending against Commerce's reformation action were recoverable under the hold harmless provisions. We agree with defendants that the quoted language of the addendum is broad enough that, given Brown's testimony that he understood that Commerce was willing to accept a security interest in 13 acres, there was a jury question as to whether defendants are entitled to damages for their expenses in defending against Commerce's reformation action.

■ Although the court erred in failing to submit that question to the jury, the error does not require reversal. The court did allow the jury to consider the question of whether defendants were entitled to damages as a result of IPCO's failure to pay their legal expenses incurred in defending the *foreclosure*. The jury's verdict was for IPCO on that issue, even though it was stipulated that defendants had expended $14,000 in legal expenses in resisting the foreclosure. On this record, it would have been inconsistent for the jury to have awarded defendants damages for expenses incurred in defense of the related, but more remote, reformation proceeding. The error was harmless.

Defendants contend that the trial court also erred in granting IPCO's motion for partial summary judgment on their claim of unjust enrichment. They contend that IPCO was unjustly enriched by the amount that its obligation to Commerce was reduced in excess of its 50 percent interest in the property, and seek restitution in that amount. They rely on *Restatement of Restitution,* § 162:

> "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder."

■ In order to avoid unjust enrichment, the law implies a contract between the parties to return to the plaintiff that which in equity and good conscience does not belong to the

defendant. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 558, 577 P2d 477, *cert den* 439 US 1061 (1978). Here, the enrichment to IPCO, if any, was not unjust. In the joint venture agreement, defendants agreed to subordinate their interest in the property to Commerce's security interest. The trial court held that the agreement was a complete integration, and defendants do not challenge that determination. As we have held, the agreement does not provide for reimbursement to defendants for their interest in the property, should it be sold on foreclosure. We conclude that defendants are not entitled to restitution of the amounts secured by the mortgage to which they agreed the property would be subordinated.

 Defendants argue that the trial court erred in denying their motion to file a second amended complaint alleging claims against IPCO for breach of an implied covenant of good faith and fair dealing, breach of the joint venture agreement's clause governing the distribution of proceeds, breach of fiduciary duty, the winding up of the partnership and an accounting. The court denied the motion on the ground that the proposed claims merely restated claims already pleaded.[4] We review the court's ruling for abuse of discretion, ORCP 23A, and conclude that it did not abuse its discretion in refusing to allow the amendments.

Returning to IPCO's cross-appeal, we consider its contention that the trial court erred in dismissing its claim for breach of fiduciary duty. IPCO alleged that defendants breached their duty by refusing to convey the two acres and by resisting Commerce's reformation and foreclosure proceedings without a reasonable legal basis, knowing that their refusal would prevent IPCO from settling with Commerce and that IPCO would incur interest expense in the meantime.

 Partners in a joint venture owe a fiduciary duty to one another. The duty is one of "loyalty, fair dealing and full disclosure in all matters effecting the conduct of the venture's

---

[4] The court also stated that, even if it were to allow the motion to amend, it would "ultimately probably strike the motions anyway on substantive grounds." We think that the court meant that it probably would strike the *claims,* not the motions, on substantive grounds. The court did not rule, however, that it *would* strike the claims, only that it *probably* would. Accordingly, in reviewing the ruling, we need not decide whether the proposed claims could have withstood a motion for summary judgment. *See Wallace v. Hinkle Northwest, Inc.,* 79 Or App 177, 717 P2d 1280 (1986).

business." *Delaney v. Georgia-Pacific Corp.,* 278 Or 305, 310, 564 P2d 277 (1977). The duty of one partner to another continues until the relationship is terminated, even in the face of strained relations between them or the existence of conditions that might justify the venture's dissolution. *Fouchek et al. v. Janicek,* 190 Or 251, 225 P2d 783 (1950). The partnership between defendants and IPCO continued until the completion of the reformation action and the performance of the terms of the judgment. Therefore, defendants' fiduciary duty to IPCO continued until that time. IPCO has stated a claim for breach of fiduciary duty, and the trial court erred in dismissing it.

■ IPCO also contends that, on remand, it should be allowed to put on expert testimony concerning "standards of good faith dealing" among joint venturers. The trial court ruled that it would not admit the evidence, because, at that point, it had decided to dismiss the claim for breach of fiduciary duty. We agree with IPCO that the evidence is admissible under OEC 702, if it will assist the jury in determining whether defendants' actions fulfilled their duty of "loyalty and fair dealing," and that the trial court should assess that question on remand. *See Groce v. Fidelity General Insurance,* 252 Or 296, 307-09, 448 P2d 554 (1969).

Affirmed on appeal; reversed and remanded on cross-appeal for proceedings not inconsistent with this opinion.