In re Industrial Park Co.

## COMMERCE MORTGAGE CO.,
*Plaintiff,*

*v.*

## INDUSTRIAL PARK CO.,
a joint venture comprised of
Gerald L. Miller and Donald L. Nelson,
dba Miller & Nelson Investment Co.
and Jerry L. Ivy,
*Respondent - Cross-Appellant,*

John NELSON;
Mitchell and Nelson Associates; Barry L. Adamson;
Donald Zarosinski; Zarosinski-Tatone Engineers, Inc.;
Marlene Ivy; Carol Miller; Lila Nelson;
John A. Schrag & Son, Inc.; Grand Metals
Product Corp.; Fireguard Sprinkler Systems, Inc.;
D & F Plumbing; Columbia Pacific Bank and Trust;
J.A. Wiley Co.; R.A. Heintz Construction Co.;
United States Bank of Oregon; Albert R. Kenney, Jr.;
Taw-Ran Enterprises, dba Metro Heating & Air Conditioning
Service; Bohm Electric, Inc.; Windsor Travel; The Pantry;
Beaver Venture; Lost Creek; Overseas Technology;
Spec Industries; Executone of Oregon; Bob Carlson, Inc.;
Ross Richards Corp.; Domenico, Inc.; Hall Investment;
U.S. Assembly, Inc.; Liberty Contracting Company;
Clackamas Partners, Ltd.; and Raymond J. Kittleson,
*Defendants,*

*and*

Milton O. BROWN,
*Appellant - Cross-Respondent.*

(A8212-07708; CA A48207)

793 P2d 894

John M. Berman, Beaverton, for motion and petition.

Jacob Tanzer, and Ball, Janik & Novack, Portland, appeared *contra*.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Brown has filed a motion for reconsideration and a petition for review of our opinion in this case. 101 Or App 345, 791 P2d 132 (1990). We allow the motion and the petition, which we treat as a petition for reconsideration, ORAP 9.15, modify our former opinion and adhere to it as modified. Brown contends that we neglected to consider whether Brown and Kittleson were sureties on IPCO's obligation to Commerce Mortgage and were entitled to indemnity on that ground. In fact, Brown did not plead or argue this case as one for indemnity. Rather, he contended, for several reasons, that IPCO was unjustly enriched and that Brown and Kittleson should be reimbursed for the value of the property on that ground.

■ It is true that, in his brief, Brown contended that he was entitled to be reimbursed on a theory of unjust enrichment because he was a surety. That is not the same as the argument that he now makes that he is entitled to *indemnity* as a surety. We determined that IPCO had not been unjustly enriched. That conclusion covers all of the bases with respect to the claim of unjust enrichment. Brown could have brought a claim for indemnity, but he did not, and he cannot argue that theory for the first time at this stage.

■ In any event, even if we were to consider Brown's contention that he was a surety, we would conclude that the joint venture agreement and addendum are controlling and does not entitle him to indemnity.

Our opinion states that it was "stipulated" that Brown and Kittleson had incurred attorney fees of $14,000 in defense of the forclosure proceeding. Brown points out that there was no actual stipulation; the evidence was *undisputed* that defendants had incurred fees in that amount. We correct our opinion accordingly. We made that statement regarding the amount of the fees incurred as an aside; it was not essential to our decision on the question of whether Brown and Kittleson were entitled to recover their attorney fees for defense of the reformation proceeding. We concluded that, because the jury had decided the attorney fees question adversely to Brown and Kittleson with regard to the forclosure proceeding, it could not have consistently decided the

question differently with respect to the more remote reformation proceeding. Brown does not contend that we were incorrect in that reasoning or provide any reason or evidence why that would not be so.

Motion for reconsideration and petition for reconsideration allowed; former opinion modified and adhered to as modified.