In the Matter of Dahl, Jeremy, Chantel, and Robert, Minor Children.

## STATE OF OREGON ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent,*

*v.*

## Karen DAHL, *Appellant.*

(81,803, 81,803A, 81,803B; CA A46445)

799 P2d 674

Peter Miller, and Pfister, Tripp & Mendez, P.C., Portland, filed the briefs for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals from the termination of her parental rights in respect to three minor children. We affirmed the judgment in *State ex rel Juv. Dept. v. Dahl*, 97 Or App 429, 775 P2d 931 (1989). We rejected mother's first assignment that CSD and other agencies had failed to make reasonable efforts to assist her by not providing her with "individualized psychotherapy." We also held that we could not consider mother's second assignment, asserting ineffectiveness of her trial counsel, in the light of our holding in *State ex rel Juv. Dept. v. Geist*, 97 Or App 10, 775 P2d 843 (1989), that such claims could not be presented on direct appeal. The Supreme Court took review of this case and *Geist*. It vacated the judgment in this case and remanded with instructions to allow the trial court to enter a final judgment, pursuant to ORS 19.033(4). 310 Or 59, 791 P2d 132 (1990). The trial court did so and, on July 18, 1990, we issued a second opinion that was materially identical to the earlier one. On July 17, 1990, the Supreme Court decided that ineffectiveness of counsel could be considered on direct appeal in parental termination cases. *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990). Consequently, we withdrew our second opinion in this case to consider mother's claims of ineffective assistance of counsel.

■ Mother's first ground for contending that counsel was ineffective is that he revealed to the district attorney the identity of a psychologist, Moran, who was engaged to assist in the preparation of mother's defense and that he did not object to the introduction of Moran's testimony and report. Mother argues that Moran's identity and evidence were protected by the attorney-client privilege. Even assuming the correctness of mother's argument, we conclude on *de novo* review that the facts on which the termination of rights was based were clearly and convincingly established, even without the evidence derived from Moran. "[T]he result inevitably, would have been the same." *State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 191.

■ Mother contends next that her attorney "failed to develop a good theory of the case for mother's defense." She says that counsel "apparently completely missed the issue of CSD's failure to provide individual psychotherapy to mother." We noted in our first opinion that the trial court correctly

observed that mother "has been accorded more social service assistance than virtually any litigant seen by this Court or the C.S.D. worker, but cannot use these resources to become self-sufficient." 97 Or App at 430, n 1. The record shows that mother was afforded extensive services from which she did not and could not benefit and that she repeatedly withdrew from or refused. Counsel's failure to pursue the defense that CSD did not add one more particular effort to those that had failed was not ineffectiveness. *See State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 190.

The state argues that, although "this case can be resolved adequately on the record by this court on *de novo* review," we should take the occasion to define procedures by which appellate claims of ineffective assistance of counsel should be processed when further evidentiary development is necessary. *See State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 192, n 16. The state presupposes that "[m]any, if not most, such assertions will require the development of a factual record." Considering that the trial record was sufficient for a decision by the Supreme Court in *Geist* and by us in this case, the two appellate cases where ineffectiveness of counsel claims have been decided on direct appeal, the state's presupposition has yet to be validated. We decline to embark on the academic exercise that the state proposes, which can readily be performed when, and if, the need for it arises. Moreover, it is highly unlikely that one particular procedural approach will be appropriate in all cases, and no purpose would be served by trying to establish a uniform procedure or a variety of alternative procedures in a case that does not call for anything further.

On the issues other than ineffectiveness of counsel, we affirm for the reasons stated in *State ex rel Juv. Dept. v. Dahl, supra,* 97 Or App at 430.

Affirmed.