Argued and submitted January 4, affirmed March 20, 1991

In the Matter of
Griffith, Lamar
and Griffith, Dontey, Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Evelyn GRIFFITH,
*Appellant.*

(85,131 & A; CA A65084)

807 P2d 340

Peter Miller, Portland, argued the cause and filed the brief for appellant.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Mother appeals an order terminating her parental rights, ORS 419.523, arguing that her trial counsel failed to call certain witnesses and failed to prepare other witnesses.[1] We write only to address whether she was denied adequate assistance of counsel.[2]

To ensure that parents' rights are protected, termination proceedings must be " 'fundamentally fair.' " *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 189, 796 P2d 1193 (1990) *(quoting Santosky v. Kramer,* 455 US 745, 753-54, 102 S Ct 1388, 71 L Ed 2d 599 (1982)). Fundamental fairness requires a variety of procedural protections, including adequate assistance of counsel. Generally, the choice of which witnesses to call and how to prepare them is a strategic or tactical decision made by trial counsel.

> "A particular tactical decision will constitute inadequate assistance of counsel only if a court affirmatively finds that *no* adequate counsel would have followed that tactic under the circumstances and, therefore, that following that tactic reflected an absence or suspension of professional skill and judgment." *State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 190. (Emphasis in original.)

Even if other counsel might have handled witness selection and preparation differently, that alone does not establish counsel's inadequacy.

The trial judge stated that counsel did an "excellent job" in representing mother. Mother's appellate counsel acknowledged that trial counsel could have properly decided not to call certain witnesses. Trial counsel made an appropriate opening statement, objected to evidence, capably cross-examined the state's witnesses, called six supportive witnesses, emphasized mother's "remarkable turnaround" throughout the proceedings and made a persuasive closing argument in which he stressed mother's "amazing progress."

---

[1] Mother also argues that trial counsel failed to review the CSD file before the termination proceeding, but the record shows otherwise.

[2] Mother assigns error to the termination order, but does not contend that the lower court's findings are insufficient to justify termination of her parental rights. Neither does she challenge our previous denial of her motion to remand for additional evidence on the issue of counsel's adequacy. *See, e.g., State ex rel Juv. Dept. v. Dahl,* 104 Or App 145, 148, 799 P2d 674 (1990).

Having carefully reviewed the record, we find nothing in counsel's performance that demonstrates an absence of professional skill and judgment.

■ Mother "must show, not only that her trial counsel was inadequate, but also that any inadequacy prejudiced her cause to the extent that she was denied a fair trial * * *." *State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 191. She does not claim that the proceeding was unfair or that its outcome would have been different if she had been represented by different counsel. Instead, she lists six potential witnesses and provides a short description of what she believes their testimony would have been.[3] The record shows that their testimony would have been cumulative. Mother has neither sustained her burden of proving that trial counsel was inadequate nor shown that any perceived inadequacy denied her a fair trial.[4]

Affirmed.

---

[3] Two of the individuals did not work with mother until after the termination proceeding, and the anticipated testimony of the other four suggests only that mother is fond of her children and is willing to participate in prostitution counseling. Several other witnesses had already testified to that effect.

[4] "The bare assertion of trial counsel's inadequacy does not warrant a remand or reversal; nor does a finding of inadequacy, standing alone, require a remand or reversal if, on *de novo* review of the record, the reviewing court is satisfied that the proceeding was fundamentally fair and that even with adequate counsel, the result inevitably, would have been the same." *State ex rel Juv. Dept. v. Geist, supra,* 310 Or at 191.