Argued and submitted January 23, reversed April 11, reconsideration denied May 25, petition for review denied June 19, 1984 (297 Or 339)

STAATS,
*Respondent,*

*v.*

PRAEGITZER,
*Appellant.*

(29075; CA A27922)

679 P2d 334

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Willard L. Cushing, McMinnville, argued the cause for respondent. With him on the brief was Cushing, Johnstone & Peterson, P.C., McMinnville.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

.

## JOSEPH, C. J.

Defendant appeals from a decree of strict foreclosure of a land sale contract. We reverse.

The contract contains a time-essence clause and a nonwaiver of rights clause and requires defendant purchaser to pay the real property taxes when due. Defendant did not pay those taxes for the years 1979-1980 and 1980-1981. Plaintiff mailed notice of that delinquency to defendant on or about October 2, 1980. Notice was given according to the terms of the contract, but defendant never received it. Plaintiff accepted 10 monthly installment payments after mailing the notice to defendant. Defendant first became actually aware of plaintiff's concern about the delinquent taxes when he was served with a copy of the complaint on September 10, 1981. Four days later he paid all delinquent taxes.

The trial court granted plaintiff a decree of strict foreclosure and rejected defendant's argument that he was not given sufficient notice of default. The court found that notice was sent in accordance with the terms of the contract and was sufficient. The trial court also rejected defendant's argument that plaintiff had waived her right to strict foreclosure by accepting the monthly payments after the mailing of the notice. The court reasoned that plaintiff did not waive her right to foreclose by accepting the payments, because defendant, as purchaser, did not rely on plaintiff's actions "so as to be lulled into a false sense of security that strict compliance with the provisions of the contract [would not be] required."

We disagree with the trial court's characterization of waiver. Although plaintiff's notice of default was adequate under the terms of the contract, her subsequent acceptance of monthly installment payments is conduct that constitutes waiver of her right to strict foreclosure without giving defendant further notice of default, allowing a reasonable opportunity to cure the default and informing defendant that strict performance of that contract provision will thereafter be required. *See Fisher v. Tiffin,* 275 Or 437, 440, 551 P2d 1061 (1976); *Wright v. Assoc. Financial Services,* 59 Or App 688, 694, 651 P2d 1368 (1982); *Phair v. Walker,* 48 Or App 641, 646, 617 P2d 616 (1980); *but see Lorenzen v. Jackson,* 284 Or 251, 586 P2d 341 (1978).

Reversed.