Argued and submitted June 26, 1985, reversed May 14, 1986

SMITH,
*Respondent,*

*v.*

PILUSO et al,
*Defendants,*
WOODWORTH,
dba Woodworth Construction Co.,
*Appellant.*

(A8210-06663; CA A32690)

719 P2d 33

Brad Littlefield, Portland, argued the cause for appellant. With him on the briefs was Goldsmith, Siegel, Engel & Littlefield, Portland.

Charles S. Tauman, Portland, argued the cause for respondent. On the brief were Gregory A. Hartman and Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant Woodworth appeals from a decree of foreclosure of a trust deed securing a promissory note in the amount of $70,000. On appeal, he contends that plaintiff "waived" the right to foreclose for late payments without first giving him notice that, if he did not cure the default within a reasonable time, the trust deed would be foreclosed.[1] We reverse.

On February 1, 1978, defendant executed a trust deed, under which plaintiff is beneficiary, to secure a note given to plaintiff for a parcel of land on Canyon Road. On June 26, 1979, in consideration of plaintiff's agreeing to subordinate its lien on that property, defendant executed a second note and trust deed, both of which mirror the first. The second trust deed covered the Spring Garden Apartments as additional security. This action concerns the foreclosure of the later trust deed, which provides that installment payments of $607.51 are due on the first day of every month. It contained a typical acceleration clause but does not contain a "time-essence" clause.

Of the 55 payments made by defendant before plaintiff commenced this action, five or fewer were made on time. Most payments were made on or before the 16th day of the month in which they were due. In September, 1982, defendant tendered payment of the monthly installment on September 9, eight days late; however, he stopped payment on the check before plaintiff had presented it for payment. He then notified plaintiff's husband, by telephone, that no further payments would be forthcoming until defendant found someone to rent the Canyon Road property. Although plaintiff's husband's response to defendant's proposal is disputed, the most that the evidence shows is that her husband told defendant that the proposal was unacceptable. Neither party contends that foreclosure was threatened if payments were not thereafter made when due. There was no further communication between the parties before plaintiff commenced this action on October 28,

---

[1] We note that on December 14, 1982, defendant offered to pay plaintiff the installments due September 1, October 1, and November 1, 1982. That amount was not paid into court, however, until April 9, 1984. Installments due after November 1, 1982, were paid into court pursuant to a court order.

1982, at which time defendant was two months in arrears, with another payment due in four days.

Although the parties do not discuss it, a fundamental question is whether there is any significant difference between the rights of the parties under a mortgage or contract that specifically provides that "time is of the essence" and one that does not. All of the cases cited to us involve the question of whether the time-essence clause had been waived, and this case appears to have been argued as if that were the issue.

■ Generally, a time-essence provision in a mortgage or land sale contract is for the benefit of the one entitled to performance, usually payment. If a payment is not made on time, the mortgagee or vendor may foreclose without notice and opportunity to cure "by force of the contract itself," *Hays v. Hug,* 243 Or 175, 244, 412 P2d 373 (1966); *Gray v. Pelton,* 67 Or 239, 135 P 755 (1913), unless the time-essence provision has been waived by the acceptance of late payments. *Stinemeyer v. Wesco Farms, Inc.,* 260 Or 109, 487 P2d 65 (1971). If it has been waived, it may be reinstated by notice that payments must be made promptly in the future and that, if they are not, the principal balance will become due immediately and the mortgage or contract foreclosed.

■ Because the cases appear to attach significance to the existence of a time-essence clause, *see, e.g., Fisher v. Tiffin,* 275 Or 437, 440, 551 P2d 1061 (1976) ("even when a contract contains a time-essence clause"), we assume that such a clause affects the rights of the parties in some respects. When time is of the essence, the failure to make a payment at the time required by the agreement would permit the mortgagee or vendor, without notice, to accelerate the balance due and to foreclose the mortgage or contract. When time is not of the essence, either by express agreement or by the nature of the contract, failure to make a payment on time, although it would give the mortgagee or vendor a cause of action for payment, 3A *Corbin on Contracts* 367, § 716 (1960); *see Gray v. Pelton, supra,* 67 Or at 245, does not, without more, permit foreclosure. The mortgagee or vendor must be given notice of its intention to foreclose if payment is not made by a certain date.

■ Accordingly, the question here is not whether plaintiff has waived her right to prompt payment; it is whether she has done what is required in order to foreclose. We hold that

she has not. The only significance of her having accepted late payments is that, in addition to there being no time-essence provision, the parties did not treat time as of the essence. When defendant advised plaintiff that he would not make further payments until he had obtained a new tenant for the Canyon Road property, plaintiff did not notify defendant that she would foreclose if the payment were not made by a certain date. The most that the evidence shows is that plaintiff told defendant that the indefinite postponement of payments was unacceptable. That was not sufficient to permit plaintiff to exercise the equitable remedy of foreclosure.

Reversed.