Argued and submitted April 27, affirmed August 26, reconsideration denied October 16, petition for review denied November 3, 1987 (304 Or 311)

## BENJAMIN FRANKLIN FEDERAL SAVINGS & LOAN ASSOCIATION,
*Respondent,*

*v.*

## PARKER et al,
*Appellants.*

(A8503-01671; CA A41211)

741 P2d 512

Charles D. Bates, Portland, argued the cause and filed the briefs for appellants.

Forrest N. A. Bacci, Portland, argued the cause for respondent. With him on the brief was Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Defendants Eugene and Martha Parker (defendants)[1] appeal from a judgment which upheld plaintiff's acceleration of a note made by both defendants and a mortgage given by Martha alone to secure the payment of a loan from plaintiff. Plaintiff accelerated the obligations, because defendants sold the property on contract without first obtaining plaintiff's approval, as the mortgage required. The court awarded plaintiff a money judgment against defendants and ordered foreclosure of the mortgage to pay the judgment. The issue is whether plaintiff had the right to accelerate. We hold that it did and affirm.

Defendants borrowed $10,400 from plaintiff in 1972. The note they signed provides that if the makers should

"fail to perform any of the [non-payment] terms of this note or the mortgage which is security for the payment hereof, then, at the option of the holder of this note, without prior notice, the entire indebtedness then owing hereon, shall become immediately due and payable[.]"

The mortgage provides:

"[S]hould default be made by Mortgagors in the * * * performance of any of the agreements herein contained, then and in such event, and at the option of the Mortgagee, the whole amount unpaid on said note or on this mortgage shall at once become due and payable, and this mortgage may be foreclosed at any time thereafter."

Finally, the mortgage prohibits the mortgagor from selling the property,

"including contract sales, without *first* obtaining the written consent therefor of the Mortgagee, which consent Mortgagee will not unreasonably withhold. As a condition to such consent, Mortgagee may impose a service charge not exceeding in amount 1% of the principal sum originally secured by this mortgage." (Emphasis supplied.)[2]

---

[1] Defendant Martha Parker died after the appeal was filed. Her personal representative has been substituted as a party defendant.

[2] Defendants do not attack the validity of these provisions of the mortgage but only whether they permit plaintiff to accelerate the loan balance. Plaintiff nevertheless discusses reasons for upholding due on sale clauses. *See United Savings Bank Mutual v. Barnette,* 72 Or App 46, 695 P2d 73, *rev den* 299 Or 203 (1985). That discussion is irrelevant.

Defendants sold the property on contract in August, 1984. Plaintiff first learned in September that it might have been sold. By November, plaintiff had confirmed that the sale had been made. On November 16, plaintiff notified Martha that it was accelerating the balance because of the sale, and it gave her until December 21 to avoid foreclosure by paying the full amount due. The letter stated that plaintiff would no longer accept partial payments. Defendants thereafter requested plaintiff's consent to the sale and tendered the 1 percent service charge; plaintiff refused consent on the ground that it would not give consent after a sale had occurred. It returned the service charge that defendants had tendered, but it accepted defendants' December payment on December 17. It refused later payments.

■ Defendants first argue that plaintiff unreasonably withheld its consent to the sale and is therefore not entitled to foreclose the mortgage. The mortgage, however, required defendants to seek consent *before* the sale; they did not. Plaintiff had no obligation to consider the request, which defendants did not make until after they had already completed the sale and plaintiff had learned of it and had given notice that it was accelerating the balance because the sale was made without its consent. Defendants' argument that plaintiff's only remedy for the breach was to impose the service charge has no merit.

■ Defendants' only colorable argument is that plaintiff waived its right to accelerate by accepting the December payment after stating that it would not accept further partial payments. Defendants might be correct, *if* the provision which they breached had been that requiring timely payment and *if* plaintiff, after reinstating the time of the essence clause, had accepted another late payment. *See, e.g., Smith v. Piluso,* 79 Or App 238, 719 P2d 33 (1986); *Salishan Hills, Inc. v. Krieger,* 62 Or App 84, 660 P2d 160, *rev den* 295 Or 259 (1983). In those circumstances plaintiff would have acted inconsistently with its asserted right. Here, however, defendants' breach was not in failing to pay, and it was not something which they could cure by payment. The sale had occurred, and plaintiff had accelerated the balance. When plaintiff accepted the December payment, the period for defendants to pay the full amount and thereby avoid foreclosure had not expired. Plaintiff's acceptance of the December payment was thus not

inconsistent with enforcing its right to accelerate the loan balance because of the sale and was not a waiver of that right.

Affirmed.