Argued and submitted June 12, reversed and remanded for further proceedings
October 11, reconsideration denied December 1, petition for review denied
December 28, 1989 (308 Or 660)

# AUERNHEIMER,
## *Appellant,*

*v.*

# METZEN et ux,
## *Respondents.*

## (87-CV-0187-WE; CA A49371)

780 P2d 796

Thomas V. Bryant, Jr., Bend, argued the cause and filed the briefs for appellant.

John A. Berge, Bend, argued the cause for respondents. With him on the brief were Gregory P. Lynch and Gray, Fancher, Holmes & Hurley, Bend.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals a trial court judgment denying fore-closure of a trust deed. On *de novo* review, we reverse.

In April, 1985, plaintiff sold a vacant parcel of real property to defendants. The unpaid balance of the purchase price was represented by a promissory note secured by a trust deed on the property. The trust deed provided that defendants would pay all taxes on the property "before any part of such taxes * * * become past due or delinquent * * *." The trust deed also provided:

"In the event the within described property, or any part thereof, or any interest therein, is sold, agreed to be sold, conveyed, assigned or alienated by [defendants] without first having obtained the written consent or approval of [plaintiff], then, at [plaintiff's] option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and pay-able."[1]

In January, 1987, defendants offered the property for sale and posted a for sale sign on the property. Before posting the sign, defendants spoke with plaintiff, who reminded them that they could not sell the property without first paying off the note. Soon after learning that the sign had been posted, plaintiff checked with the county tax assessor and learned that defendants were behind in their property tax payments. During February of that year, defendants introduced plaintiff to Kytola, who they said was going to rent the parcel and perhaps buy it eventually. Unbeknownst to plaintiff, defen-dants rented the parcel to Kytola pursuant to a contract giving him an absolute option to buy the parcel after a specified time and providing that his rental payments would apply fully to his eventual purchase of the property. Plaintiff never con-sented to a purchase by Kytola.

Plaintiff accepted the March, April and May, 1987, payments on the promissory note without saying anything to defendants about the tax delinquency or the tranaction with Kytola. In May, 1987, plaintiff learned that Kytola was plan-ning to buy the property and that defendants were planning to

---

[1] Defendants do not contend that the clause is unenforceable. *See United Savings Bank Mutual v. Barnette,* 72 Or App 46, 695 P2d 73, *rev den* 299 Or 203 (1985).

move away from their home on an adjacent parcel which plaintiff was also selling to them. Plaintiff then accelerated the outstanding balance on the promissory note and filed this lawsuit. The issues are, first, whether defendants breached the trust deed and, second, whether plaintiff waived his right to accelerate by accepting the March, April and May payments without complaint.

■　　　We need not reach the question of the delinquent property tax payments, because we conclude that defendants breached the due-on-sale clause by giving Kytola an option to buy the property without first obtaining plaintiff's permission to do so. That clause required defendants to obtain plaintiff's written permission before they transferred "any interest" in the property, yet defendants agreed to sell the property without obtaining such permission.

■　　　In this case, defendants breached the agreement by agreeing to sell the property. That alone authorized immediate foreclosure. Even if plaintiff waived other rights under the trust deed, that was not inconsistent with his right to enforce the due-on-sale clause. *Benj. Franklin Federal Savings v. Parker,* 87 Or App 64, 67, 741 P2d 512, *rev den* 304 Or 311 (1987).

　　　Reversed and remanded for further proceedings not inconsistent with this opinion.