Donald S. CRANE,
*Respondent,*

*v.*

Priscilla B. MABRY,
aka Pat Mabry, through her Guardian-Conservator
Rita Gillett; and Rita Gillett,
Personal Representative of the
Estate of Boyd C. Mabry,
*Appellants,*

*and*

Rita GILLETT,
personally; William Magness; Annie B. Oatman;
Transamerica Title Insurance Co.;
Barney White; Arthur Kurtz; Robert D. Jones;
Fred Johnson & Barbara Johnson;
Thomas C. Cox & Barbara J. Cox;
Crescent Water Association; Midstate Electric
Cooperative, Inc.; Richard R. Clyde & La Nora J.
Clyde; Beaver Creek Construction Co.;
Wilmer W. Parke and Lucia R. Parke;
Donald H. Ulry & M. P. Ulry,
*Defendants.*

(88CV0974; CA A62940)

802 P2d 696

David R. Nepom, Portland, argued the cause and filed the briefs for appellants.

Don S. Dana, Salem, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants appeal from a judgment of foreclosure of a trust deed. They argue that plaintiff was not entitled to the remedy of foreclosure, because he wrongfully accelerated the underlying debt without giving them notice of default and a reasonable time to bring the obligation current. On *de novo* review, we affirm.

In December, 1981, plaintiff sold real property to defendants,[1] who executed a promissory note and gave a trust deed as security. In 1983, defendants pledged additional collateral to secure the obligation. The note provided for monthly payments of $400 on the first day of each month through January 1, 1987; thereafter, the remaining balance would be amortized over a 20-year period. There is no "time is of the essence" clause in the note, trust deed or pledge agreement, although each contains an acceleration clause.[2] None of the instruments require that notice of intention to accelerate and foreclose through a judicial proceeding be given in the event of default.

A dispute arose in 1987 regarding interest and the amount of the new payment. In February, 1987, defendants made a $400 payment. Plaintiff accepted the payment but made a demand for the additional sum that he considered due.

---

[1] Defendants Priscilla Mabry, through her guardian and co-conservator Rita Gillett, and Rita Gillett, personal representative of the estate of Boyd Mabry, are the only defendants to this appeal. The property was originally sold to Boyd Mabry and Priscilla Mabry. Rather than specifically referring to the Mabrys or Rita Gillett, we refer simply to "defendants."

[2] The note provided, in part:

"[I]f any of said installments is not so paid, all principal and interest to become immediately due and collectible at the option of the holder of this note."

The trust deed provided, in part:

"Upon default by grantor in payment of any indebtedness secured hereby or in his performance of any agreement hereunder, the beneficiary may declare all sums secured hereby immediately due and payable. In such an event the beneficiary at his election may proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale."

The pledge of collateral provided, in part:

"[I]n case default shall be made under the terms of said agreement, Grantors may foreclose against each of the properties hereunder in the same manner and purpose as the other property under the Deed of Trust in the underlying transaction."

Defendants paid $400 for March. On March 24, 1987, plaintiff's attorney sent a letter and returned the March payment to defendants.[3] Defendants requested renegotiation of the note terms and maintained that the new payment amount was incorrect, because plaintiff was improperly compounding interest. Plaintiff recalculated the payment amount and allowed an additional ten days to pay that payment. By the end of April, 1987, defendants had brought the note current.

From April, 1987, until March, 1988, payments were made in the month in which they were due, although not by the first of the month. Boyd Mabry died in March, 1988, and no payments were made after his death. On June 2, 1988, defendants wrote to plaintiff, proposing a transfer of their vendors' interest in certain contracts to plaintiff in order to bring the note current and to pre-pay it. Plaintiff rejected the proposal and instead declared the entire unpaid balance of the note immediately due and payable. He filed this foreclosure action, and the trial court entered judgment for him.

Defendants argue that, as a result of plaintiff's acceptance of late payments, they became entitled to notice of an intention to require strict performance, as well as an opportunity to make up the delinquent payments before he could accelerate the debt and therefore foreclose. *Stinemeyer v. Wesco Farms, Inc.*, 260 Or 109, 487 P2d 65 (1971). Plaintiff argues that defendants were not misled by his conduct, because any acceptance of late payments after April, 1987, was within the month that the payment was due and, beginning in April, 1988, they made no payments whatsoever. Therefore, a reasonable person could not have believed that he would accept a late payment that was tendered after the end of the month in which it was due.

---

[3] The March 24, 1987, letter said, in part:

"Dr. Crane received your payment for February but it was only for the sum of $400.00. You owe a balance for February of $2,261.04. The March payment has been received[;] however, we are returning it to you, it is enclosed, as it does not meet the requirements of the monthly payment and Dr. Crane does not want to be in a position of any claim of waiver of the contract provisions.

"You are currently in default under the contract for $2,221.04 for February and $2,661.04 for March for a total of $4,882.08. Please pay the same with in [sic] ten days from the date of this letter, plus the April payment in full or I have been instructed to proceed under the trust deeds and collateral assignments default provisions, which will include acceleration of the full balance owing."

■   When time is not of the essence, either by express agreement or by the nature of the agreement, failure to make a timely payment does not, without more, permit foreclosure, although it gives the obligee a claim for payment. In that circumstance, the obligee must give notice of its intention to act on the default if payment is not made by a certain date. *Smith v. Piluso,* 79 Or App 238, 241, 719 P2d 33 (1986).

■■   In the absence of a time-of-the-essence provision in the agreement, the question is not whether plaintiff has waived his right to prompt payment; it is whether he has done what had to be done in order to foreclose. *Smith v. Piluso, supra,* 79 Or App at 241. Plaintiff gave notice of default on June 27, 1988, and declared that all sums owing were immediately due and payable. On past occasions when defendants had been declared to be in default, plaintiff had sent demand letters and had allowed ten days to cure the default. In addition, plaintiff's history of accepting payments due on the first of the month later in the month suggests that the parties did not treat time as of the essence. The evidence demonstrates, at most, that the indefinite postponement of payment was unacceptable.

■   Even though the note and trust deed do not require advance notice of intention to act on the default, plaintiff's failure to give notice in light of his past conduct of giving notice of default and allowing ten days to cure is a circumstance that may make the remedy of foreclosure inequitable. However, plaintiff contends that the remedy of foreclosure was proper, because defendants never tendered the amounts past due to plaintiff or to the court. In *Stinemeyer v. Wesco Farms, Inc., supra,* the court said, in the context of a purchaser being misled by the acceptance of late payments, that the purchaser still had the obligation to make a tender of the amounts past due within a reasonable time. "Tender" must be an unconditional offer to pay the amount owed, and the money must be presently available for acceptance. *Bembridge v. Miller,* 235 Or 396, 403, 385 P2d 172 (1963). Although defendants concede that they never made a cash tender, they argue that they were prevented from making a cash tender, because plaintiff accelerated the debt without giving them reasonable notice. Defendants argue that, if they had been given an opportunity to remedy the default, they could have sold or refinanced the pledged collateral to obtain funds to bring the

payments current. Although the note provided that plaintiff would release collateral under certain conditions, he was under no obligation to release any collateral so that defendants could cure their default. *See Wright v. Assoc. Financial Services,* 59 Or App 688, 696, 651 P2d 1368 (1982), *rev den* 294 Or 391, *cert den* 464 US 834 (1983).

■    Defendants also argue that their written offer to transfer their vendors' interest in contracts to plaintiff for credit on the contract involved here was equivalent to a tender.[4] They rely on ORS 81.010.[5] That statute, however, was not intended to supersede the common law requirement that the person making the written tender have the present ability to make the tender good. *Bembridge v. Miller, supra,* 235 Or at 403. Defendants' June 2, 1988, letter offering to transfer without recourse real estate sales contract obligations owed by third party creditors did not constitute a tender, because there was no assurance that the third party creditors would pay defendants' obligation. The offer did not constitute an unconditional offer to pay the amount owed accompanied by the present ability to do so. Under the circumstances, we hold that foreclosure was proper.

■    Defendants also contend that the court erred in compounding interest in determining the balance owed on the note. They argue that the note did not provide for the compounding of interest and they contend that the parties had agreed that the note does not provide for compounding interest. The note provided for interest during the relevant period

---

[4] Defendants' June 2, 1988, letter included this proposal:

"In order to solve the difficulties caused by the debtor/creditor relationship between Dr. Crane and the estate and Mrs. Mabry, Rita Gillett, subject to Ms. Mabry's consent or court authorization, would like to propose that Dr. Crane accept the Jones real estate sales contract, the Ulry real estate sales contract, and the Crescent (Klamath County) real estate sales contracts *without recourse* in exchange for crediting the outstanding balances on said contracts against the unpaid balance owed Dr. Crane. Rita Gillett would continue to make efforts to sell the remaining Highway 101 Property on behalf of Mrs. Mabry. Dr. Crane would release the other security interest that he holds to permit Rita Gillett to sell said properties to generate funds for Mrs. Mabry's care and to pay off other debts." (Emphasis supplied.)

[5] ORS 81.010 provides:

"An offer in writing to pay a particular sum of money or to deliver a written instrument or specific personal property is, if not accepted, equivalent to the actual production and tender of the money, instrument or property."

at 12% per annum. In early 1987, a dispute arose regarding the calculation of interest. Defendants' attorney wrote to plaintiff's attorney, saying that plaintiff was improperly compounding interest. Plaintiff's attorney replied:

> "After receiving your letter, I checked the law regarding the interest. I find no Oregon cases or statutes on point; however, it appears that the majority view in other jurisdictions may partially support your position. It appears that where the full amount of the interest is not fully due and payable, then the interest is not added to the principal balance but must be accumulated separately. When the interest is fully due then the unpaid interest would be added to the principal and the new interest amount would be computed on the new principal."

Because we find no evidence in the record that defendants objected thereafter, we conclude that they acquiesced in the assertion made in the attorney's letter. We find that the balance that the trial court found to be owed is correct.

Affirmed.[6]

---

[6] Defendants' remaining assignments of error do not merit discussion.