Argued and submitted October 14, 1996, affirmed on appeal; reversed and remanded with instructions on cross-appeal February 12, petition for review allowed May 20, 1997 (325 Or 367)
See later issue Oregon Reports

Marlys V. ALDERMAN,
now known as Vicki Alderman Forell,
*Respondent - Cross-Appellant,*

*v.*

Christine A. DAVIDSON
and Sharon Mallory,
*Appellants - Cross-Respondents.*

(94-00184CV; CA A91510)

933 P2d 365

Paul B. Heatherman argued the cause and filed the opening brief for appellants - cross-respondents. With him on the reply brief was Ray A. Babb & Associates.

Donald R. Crane argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff brought this action to foreclose a trust deed that she holds on property in Lake County. She sought foreclosure on either of two grounds: that defendant Christine Davidson (defendant)[1] was delinquent in her payments and that she had failed to pay the taxes on the property. Defendant asserted that plaintiff had waived the time of the essence clause of the trust deed, and thus the right to accelerate the balance, by accepting late payments of principal and interest. Defendant also counterclaimed for trespass based on plaintiff's one-time entry onto the land before she filed the action. Both parties alleged a right to attorney fees under a provision of the trust deed.

The trial court held that plaintiff had waived the right to immediate acceleration but that the trust deed gave her the right to go on the land when she did. The court therefore entered judgment in defendant's favor on the foreclosure action and in plaintiff's favor on the trespass counterclaim. It denied attorney fees to either party. Defendant appeals the denial of attorney fees but does not challenge the judgment on the trespass counterclaim. Plaintiff cross-appeals the refusal to foreclose the trust deed. We reverse on the cross-appeal and affirm on the appeal.

Defendant purchased the property from plaintiff in 1989. She almost immediately established a pattern of late payments on the trust deed, and plaintiff established a pattern of accepting those payments, albeit with one or two grumbles. Beginning in 1990, defendant also failed to pay the taxes on the property. The only evidence of when plaintiff learned that the taxes were unpaid is that it happened no later than January 28, 1994. On that date, plaintiff wrote to defendant, pointing out that she was then 135 days in arrears on her payments and that she had not paid the taxes. In the letter, plaintiff asserted her right to declare the entire amount, including the delinquent taxes, due and payable as of March 1, 1994, and stated that she would begin foreclosure

---

[1] Defendant Sharon Mallory is a judgment creditor of defendant Christine Davidson. None of the issues on appeal is related to her status, and we do not consider it further.

proceedings if defendant did not pay the full amount by that date. Plaintiff sent the letter, by both regular and certified mail, to an address in Silver Lake where, defendant testified, she commonly received mail. However, the post office returned both envelopes to plaintiff undelivered.

Plaintiff went to Lakeview in early April to consult an attorney about beginning foreclosure proceedings. At his advice, she paid part of the back taxes in order to avoid a tax foreclosure and then went to the property to examine its condition.[2] Defendant was not living there at the time. Plaintiff discovered that some windows had been shot through and repaired the holes in the glass with duct tape. She also broke an existing padlock on a door and replaced it with a new one.

Plaintiff filed this case on May 16, 1994. In the original complaint, she formally accelerated the balance due and sought foreclosure. The only ground that she alleged for those actions was defendant's failure to make the payments. On May 23, before serving defendant, plaintiff filed an amended complaint that added defendant's failure to pay the taxes as a ground for acceleration and foreclosure.

Defendant resumed payments on the trust deed in mid-April 1994 and brought the account current on May 9. Plaintiff did not negotiate the checks but sent them to her attorney, who held the checks until July 1994, after the filing and service of this case. He then returned them to plaintiff with instructions that she could safely negotiate them. She did so. In August, two months after being served with the lawsuit, defendant paid the taxes that plaintiff had already paid. In December, at defendant's instructions, the tax assessor sent the excess payments to plaintiff, who negotiated the refund check.

Because it is decisive, we first consider plaintiff's cross-appeal, in which she assigns error to the trial court's failure to order foreclosure of the trust deed. On appeal, her sole ground for seeking foreclosure is defendant's failure to pay the taxes. We hold that the trial court should have ordered foreclosure. For that reason, we also hold that the

---

[2] Plaintiff paid the remainder of the taxes on May 25, after the filing of the amended complaint but before service on defendant.

trial court did not err by failing to award attorney fees to defendant.

■■■ A trust deed that contains acceleration and time of the essence clauses gives the beneficiary the right to foreclose if a single payment is not made on time, unless the beneficiary has waived the time of the essence clause by accepting late payments.[3] In the absence of waiver, failure to make a payment at the required time permits the beneficiary, without notice, to accelerate the balance due and foreclose the trust deed. *See Smith v. Piluso,* 79 Or App 238, 241, 719 P2d 33 (1986) (stating these principles as applicable to mortgages and land sale contracts). In this case, plaintiff, by accepting late payments over several years, waived the right to use a subsequent late payment as a ground for acceleration and foreclosure. Because her letter of January 28, 1994, purported to accelerate the principal immediately and did not provide defendant a reasonable time to cure the default, it was insufficient to reinstate the time of the essence clause as to the payments. *See Gordon v. Schumacher,* 83 Or App 544, 549, 733 P2d 35, *rev den* 303 Or 370 (1987).

■■ The issue, then, is whether plaintiff, by her acceptance of late payments on the principal and interest, waived her right to assert defendant's failure to pay the taxes as a ground for foreclosure. We conclude that, under the circumstances of this case, plaintiff's acceptance of late payments does not constitute a waiver of the time of the essence clause as to defendant's failure to pay the taxes. In order for a default in making timely payments to be a waiver of a default on another obligation, the plaintiff must accept the late payments with knowledge of the other default and before filing a lawsuit to accelerate the balance and foreclose the trust deed. Because plaintiff did not do so here, she is entitled to treat time as being of the essence of defendant's obligation to pay the taxes.

Paragraph 5 of the trust deed requires defendant to pay all taxes before any part becomes past due or delinquent. Paragraph 12 provides:

---

[3] If the beneficiary has waived the time of the essence clause, a default may support an action for damages, but it does not provide a ground for accelerating the balance due. *See Crane v. Mabry,* 104 Or App 634, 639, 802 P2d 696 (1990).

"Upon default by grantor in payment of any indebtedness secured hereby *or in his performance of any agreement hereunder*, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable [and may then proceed to foreclose]." (Emphasis supplied.)

It is clear that paragraph 12 would normally give plaintiff the right to accelerate and foreclose because of defendant's failure to pay the taxes and that her curing the default after plaintiff filed this action would not affect that right. *Citizens Valley Bank v. Mueller*, 63 Or App 152, 155-56, 662 P2d 792 (1983). In addition, paragraph 12 on its face treats payment and the performance of other obligations as distinct issues, with time being of the essence of each obligation separately. Those provisions suggest that plaintiff's acceptance of late payments waived the time of the essence clause only as to the obligation to make timely payments, not as to the obligation to pay taxes.

Defendant relies on *Staats v. Praegitzer*, 67 Or App 543, 679 P2d 334, *rev den* 297 Or 339 (1984), and *Auernheimer v. Metzen*, 99 Or App 642, 783 P2d 1027 (1989), *rev den* 309 Or 441 (1990), to support her argument that, by accepting late payments, plaintiff necessarily waived the time of the essence clause as to all obligations under the trust deed. In *Staats*, the plaintiff mailed notice of the defendant's delinquency in paying taxes on October 2, 1980, but the defendant never received the notice. The plaintiff accepted ten more monthly payments before filing an action to foreclose. The defendant paid the taxes shortly after being served with the complaint in the foreclosure action. We held that the acceptance of monthly payments after giving notice of default was conduct that constituted a waiver of the right to strict foreclosure for failure to pay the taxes unless the plaintiff gave the defendant notice of the default, a reasonable opportunity to cure, and notice that strict performance would thereafter be required. 67 Or App at 545.

In *Auernheimer*, the plaintiff learned in February 1987 that the defendants were delinquent on their property taxes. He did not at that time notify the defendants of the delinquency or declare them in default. He accepted installment payments in March, April, and May 1987 and filed the

foreclosure action later in May, when he learned that the defendants intended to move. Relying on *Staats*, we held that, by accepting three payments after discovering the default, the plaintiff had waived the time of the essence clause. As in *Staats*, the defendant had not given notice that would be adequate to reinstate the time of the essence clause before initiating foreclosure.

In both *Staats* and *Auernheimer*, the essential action that led to waiver was accepting payments *after* learning of the failure to pay taxes and *before* filing the foreclosure action. In contrast, in *Benj. Franklin Federal Savings v. Parker*, 87 Or App 64, 741 P2d 512, *rev den* 304 Or 311 (1987), the defendants appear to have made all payments on time. They violated the mortgage by selling the property without obtaining the plaintiff's consent, as the mortgage required. On November 16, 1984, after learning of the sale, the plaintiff accelerated the balance owed and stated that it would not accept any further partial payments. It gave the defendants until December 21 to pay the full amount. However, it accepted a partial payment on December 17. We held that the plaintiff's action might have waived the right to accelerate "*if* the provision which [the defendants] breached had been that requiring timely payment and *if* [the] plaintiff, after reinstating the time of the essence clause, had accepted another late payment." 87 Or App at 67. However, the plaintiff accepted the December payment before the time for the defendants to pay the full amount had expired. Accepting that payment, therefore was not inconsistent with enforcing the right to accelerate and was not a waiver of that right. *Id.* at 67-68.

In *Staats* and *Auernheimer*, the plaintiffs, after learning of the defendants' failure to pay taxes and thus of their immediate right to foreclose, did not take the necessary steps to enforce that right. Rather, by accepting payments on the outstanding balance, they treated the payment provisions of the land sale contracts as still being controlling. In contrast, in *Benj. Franklin Federal Savings*, the plaintiff acted promptly on discovering the default. It did not accept any partial payments before filing the foreclosure action and after the deadline for the defendants to pay the full amount. For that reason, accepting one partial payment before the deadline did not waive the right to foreclose.

In this case, so far as the record shows, plaintiff did not know of defendant's failure to pay taxes when she accepted late payments. After learning of that default, plaintiff did not accept any further payments until after she filed this lawsuit, in which she formally accelerated the full amount owed. She did not act inconsistently with her right to foreclose. Her actions are in contrast to those of the plaintiffs in *Staats* and *Auernheimer*. Those plaintiffs, by accepting late payments with knowledge of their right to accelerate and foreclose, treated the defendants' contractual obligations to make regular partial payments as still in effect. It would have been inconsistent for those defendants to have had, at one and the same time, a contractual duty to make regular partial payments and a contractual duty to pay the entire balance. Thus, accepting a partial payment after knowledge of *any* default and before filing suit may waive the right to accelerate and foreclose unless, as in *Benj. Franklin Federal Savings*, the partial payment came before the accelerated balance was due and thus was not inconsistent with acceleration.

If the plaintiff does not know of the nonpayment default, however, there is no reason to hold that acceptance of late payments will waive that default. Late payments do not create the same risk to the plaintiff that failure to comply with such nonpayment obligations as paying taxes or maintaining insurance does. A late payment deprives the plaintiff of money to which it is entitled but does not threaten the complete loss of the security for the loan. A beneficiary might thus be willing to tolerate greater laxity in paying the balance on the debt than in complying with other requirements of the trust deed. That may be part of the reason for the general rule that the acceptance of late payments does not constitute a waiver of the right to accelerate the balance based on other grounds of default, *see Haynes v. Bank of Wedowee*, 634 F2d 266, 272 (5th Cir 1981); *Anno.*, 97 ALR2d 997, 1010-12, a rule that we may have approved in *Benj. Franklin Federal Savings*. *See* 87 Or App at 67.

In this case, there is no connection between the default on which plaintiff relies to support acceleration and foreclosure and the actions on which defendant relies to support her claim of waiver. Plaintiff's actions before learning of the failure to pay the taxes, thus, are not a basis for finding

that she waived the time of the essence clause as to that default. She did not accept any payments after learning of the default and before filing this action. Her acceptance of payments after filing the lawsuit, based on her lawyer's advice and unaccompanied by any action to terminate the case, is insufficient to support a finding that she treated the payment obligations of the trust deed as having a continuing effect. They can be explained as accepting partial payments on the accelerated balance that she sought in the lawsuit. The trial court erred in failing to foreclose the trust deed. Because of our disposition, we need not address defendant's arguments on the appeal.

Affirmed on appeal; on cross-appeal reversed and remanded with instructions to enter judgment of foreclosure.