Submitted on remand from the Oregon Supreme Court June 26, reversed in part;
vacated in part; remanded for further proceedings August 5, 1998

## Jinny SHIRLEY,
## Lawana Warnke and Bobbie Wade,
*Respondents,*

*v.*

## Ray TOLBERT,
*Appellant.*

## Ray TOLBERT,
*Appellant,*

*v.*

## Jinny SHIRLEY,
## Lawana Warnke and Bobbie Wade,
*Respondents.*

## (9404560CV; CA A94869)

963 P2d 117

David V. Gilstrap and Davis, Gilstrap, Harris, Hearn & Welty, P. C. for appellant.

Michael L. Spencer for respondents.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, 327 Or 98, 957 P2d 147 (1998), to reconsider in light of *Alderman v. Davidson*, 326 Or 508, 954 P2d 779 (1998). We reverse and remand for further proceedings.

In our original opinion, *Shirley v. Tolbert*, 149 Or App 717, 945 P2d 567 (1997), we rejected the defendant buyer's argument that plaintiffs, the sellers, had waived their right to foreclose on the basis of a tax deficiency because they had accepted late installment payments after they knew or should have known that the taxes were delinquent. 149 Or App at 721-26. In so holding, we relied substantially on this court's opinion in *Alderman v. Davidson*, 146 Or App 282, 933 P2d 365 (1997), which involved similar facts. We further observed:

> "Defendant's failure to comply with the deed provision requiring him to submit a tax receipt to plaintiffs did not necessarily demonstrate that defendant had failed to comply with the deed provision requiring him to pay the taxes. Although plaintiffs were surely placed on notice that the former requirement was not observed, that requirement was distinct from the later. Thus, defendant's default in the first respect did not, as a matter of law, give rise to notice of default, and waiver, with respect to the second." 149 Or App at 726.

The Supreme Court reversed our decision in *Alderman* and, in so doing, concluded that the circumstances there established a waiver of the "time is of the essence" provision of the trust agreement as it applied to the buyer's obligation to pay the taxes promptly when due:

> "The clause in the trust agreement requiring buyer to pay the taxes on the property also requires buyer 'promptly [to] deliver receipts therefore' to seller. It is undisputed that buyer never paid the taxes on the property for the years 1990, 1991, 1992, and 1993. It follows that buyer did not—because she could not—deliver any tax receipts to seller during that time.
>
> "The only conceivable purpose behind a clause requiring buyer to deliver tax receipts to seller is to notify seller that

the taxes have been paid. Because seller did not receive tax receipts from as early as 1990, she had (at least) constructive knowledge of the nonpayment, dating from that year and continuing until January 28, 1994, at which time she demonstrated actual knowledge of the default. During that entire four-year period, seller accepted late installment payments from buyer with hardly a complaint. That conduct collectively is inconsistent with seller's insistence on strict performance of the terms of the trust agreement and constitutes waiver of her right to foreclose on the basis of nonpayment of taxes." 326 Or at 516.

Here, as in *Alderman*, defendant, as buyer, failed to provide the plaintiff sellers with a receipt showing the tax payment, as required by the trust deed. Thereafter, and before the filing of this suit, plaintiffs consistently accepted late installment payments from defendant. Although the facts underlying a determination of waiver will, necessarily, vary from case to case, we conclude, on *de novo* review, that the facts here are sufficiently materially similar to those in *Alderman* to compel the same conclusion: Plaintiffs waived the "time is of the essence" provision with respect to payment of the $5.19 tax deficiency.

The trial court erred in entering the judgment of foreclosure. Moreover, because the trial court's disposition of defendant's counterclaim for rescission depended, at least in part, on its disposition of the foreclosure claim, the judgment against defendant on the rescission counterclaim must be vacated and remanded for further proceedings.

Judgment of foreclosure reversed; judgment for plaintiffs on defendant's rescission counterclaim vacated; remanded for further proceedings.