478

Submitted on remand from the Oregon Supreme Court June 2, on appeal, reversed
and remanded; affirmed on cross-appeal October 7, 1998

Marlys V. ALDERMAN,
now known as Vicki Alderman Forell,
*Respondent - Cross-Appellant,*

*v.*

Christine A. DAVIDSON
and Sharon Mallory,
*Appellants - Cross-Respondents.*

(94-00184CV; CA A91510)

965 P2d 1063

Paul B. Heatherman and Ray A. Babb & Associates for appellants - cross- respondents.

Donald R. Crane for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Plaintiff filed this action to foreclose a trust deed. Defendant counterclaimed for damages for trespass to the property. The trial court found against both claims. The trust deed contains an attorney fees provision that, as a result of ORS 20.096, benefits whichever party prevails on the issues that arise from the trust deed. The trial court, nevertheless, declined to award defendant attorney fees on the ground that neither party prevailed in the action as a whole. On appeal, defendant sought attorney fees under the trust deed; on cross-appeal, plaintiff sought foreclosure. We reversed on the cross-appeal and therefore did not reach the attorney fees issue that defendant raised on appeal. *Alderman v. Davidson,* 146 Or App 282, 933 P2d 365 (1997). On review, the Supreme Court reversed our decision on the foreclosure issue, thereby affirming the trial court's denial of foreclosure and remanded to us to decide whether defendant is entitled to attorney fees. *Alderman v. Davidson,* 326 Or 508, 954 P2d 779 (1998).

Defendant prevailed on the only portion of the case to which the attorney fees provision applies. She is therefore entitled to recover fees for that portion, without regard to the result in the rest of the case. *See Newell v. Weston,* 156 Or App 371, 965 P2d 1039 (1998). We remand for the trial court to determine the amount of fees at the trial level.

On appeal, reversed and remanded; affirmed on cross-appeal.