Vincent–Ralph CALIGIURI,
Plaintiff—Appellant,

v.

COLUMBIA RIVER BANK MORTGAGE GROUP; Columbia River Bank Columbia Bancorp; Freedom Mortgage Corporation; Wells Fargo Bank, N.A.; Wells Fargo NV N.A., also known as Wells Fargo Bank Nevada, N.A.; LoanCare Servicing Center, Inc.; Thomas J. Prenovost, Jr.; Unknown Owners, of the Evidences of the Debts and/or Owners of "The Notes"; Northwest Trustee Services, Inc., successor by merger to Northwest Trustee Services, PLLC, formerly known as Northwest Trustee Services, Inc., Defendants—Appellees.

No. 07–35445.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2009.*

Filed May 21, 2009.

---

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vincent–Ralph Caligiuri, Gold Hill, OR, pro se.

Bennett H. Goldstein, Esq., Pilar C. French, Esq., Lane Powell, PC, Portland, OR, Teresa M. Shill, Esq., Routh Crabtree Olsen, PC, Lake Oswego, OR, for Defendants–Appellees.

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** **

Plaintiff Vincent–Ralph Caligiuri appeals pro se the district court's dismissal without leave to amend of his action against defendants Columbia River Bank Mortgage Group ("CRB"), Wells Fargo, and Freedom Mortgage Corp. ("Freedom"), LoanCare Servicing Center, Inc. ("LoanCare"), and Northwest Trustee Services, Inc. ("NWTS"), for claims under the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and various supplemental state law claims. We affirm the district court's dismissal of Caligiuri's claims.

Caligiuri's claims against CRB, Freedom, LoanCare, and NWTS are all claim-precluded by his previous state court lawsuit against CRB and Freedom. We apply Oregon law of claim preclusion, *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir.2004). Under Oregon law, a plaintiff

> who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919 (1982); *see also Bloomfield v. Weakland*, 339 Or. 504, 123 P.3d 275, 279 (2005) (en banc). Caligiuri's claims in this case arise from the same factual transactions as his claims in the state case, and he could have or did bring all of his claims in

this case in the previous state case against CRB and Freedom. His attack on the state court's jurisdiction in his state action cannot be raised here. *Aguirre v. Albertson's, Inc.*, 201 Or.App. 31, 117 P.3d 1012, 1018 (2005). Although LoanCare and NWTS were not parties to the original state action, they are covered by claim preclusion through privity with Freedom. *Bloomfield,* 123 P.3d at 279.

All that remain are Caligiuri's claims against Wells Fargo, and these claims fail. Even if Caligiuri did not receive the proper notices from Wells Fargo and thus had three years under the TILA in which to seek rescission (which we will assume without deciding), Caligiuri's TILA claim against Wells Fargo is time-barred. *Yamamoto v. Bank of N.Y.,* 329 F.3d 1167 (9th Cir.2003). His quiet title claim is foreclosed by *Yamamoto* as well. *Id.* at 1172. His claim that he tendered payment fails because his promissory notes did not meet the terms for payment of the loan agreement and were not unconditional promises to pay funds that were presently available. *Crane v. Mabry,* 104 Or.App. 634, 802 P.2d 696, 699 (1990). His claim that he was not contractually obligated because there was no consideration fails because a line of credit constitutes valid consideration for a contract. *See Shelley v. Portland Tug & Barge Co.,* 158 Or. 377, 76 P.2d 477, 481 (1938). Caligiuri's remaining claims are either waived, irrelevant, or moot, and amendment cannot save his complaint.

**AFFIRMED.**