MEMORANDUM **
Plaintiff Vincent-Ralph Caligiuri appeals pro se the district court’s dismissal without leave to amend of his action against defendants Columbia River Bank Mortgage Group (“CRB”), Wells Fargo, and Freedom Mortgage Corp. (“Freedom”), Loan-Care Servicing Center, Inc. (“LoanCare”), and Northwest Trustee Services, Inc. (“NWTS”), for claims under the Truth in Lending Act (“TILA”), the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and various supplemental state law claims. We affirm the district court’s dismissal of Caligiuri’s claims.
Caligiuri’s claims against CRB, Freedom, LoanCare, and NWTS are all claim-precluded by his previous state court lawsuit against CRB and Freedom. We apply Oregon law of claim preclusion, Maldonado v. Harris, 870 F.3d 945, 951 (9th Cir.2004). Under Oregon law, a plaintiff
who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on res judicata grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.
Rennie v. Freeway Transport, 294 Or. 319, 656 P.2d 919 (1982); see also Bloomfield v. Weakland, 389 Or. 504, 123 P.3d 275, 279 (2005) (en banc). Caligiuri’s claims in this case arise from the same factual transactions as his claims in the state case, and he could have or did bring all of his claims in *95 this case in the previous state case against CRB and Freedom. His attack on the state court’s jurisdiction in his state action cannot be raised here. Aguirre v. Albertson’s, Inc., 201 Or.App. 31, 117 P.3d 1012, 1018 (2005). Although LoanCare and NWTS were not parties to the original state action, they are covered by claim preclusion through privity with Freedom. Bloomfield, 123 P.3d at 279.
All that remain are Caligiuri’s claims against Wells Fargo, and these claims fail. Even if Caligiuri did not receive the proper notices from Wells Fargo and thus had three years under the TILA in which to seek rescission (which we will assume without deciding), Caligiuri’s TILA claim against Wells Fargo is time-barred. Yamamoto v. Bank of N.Y., 329 F.3d 1167 (9th Cir.2003). His quiet title claim is foreclosed by Yamamoto as well. Id. at 1172. His claim that he tendered payment fails because his promissory notes did not meet the terms for payment of the loan agreement and were not unconditional promises to pay funds that were presently available. Crane v. Mabry, 104 Or.App. 634, 802 P.2d 696, 699 (1990). His claim that he was not contractually obligated because there was no consideration fails because a line of credit constitutes valid consideration for a contract. See Shelley v. Portland Tug & Barge Co., 158 Or. 377, 76 P.2d 477, 481 (1938). Caligiuri’s remaining claims are either waived, irrelevant, or moot, and amendment cannot save his complaint.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.